IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Geoffrey A. Davis,                :

    Plaintiff,              :

  v.                              :    Case No.  2:09-cv-0123

Municipal Entity of Marietta,     :    JUDGE MARBLEY
et al.,

    Defendants.             :

## REPORT AND RECOMMENDATION

On February 26, 2009, plaintiff Geoffrey A. Davis filed a complaint against Marietta, Ohio and its mayor, Michael Mullen, and sought leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Mr. Davis was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> by order dated February 26, 2009.  For the following reasons, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings <u>in</u> <u>forma</u> <u>pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  <u>See</u> <u>id</u>. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled

to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint will be considered.

II.

According to the complaint, Mr. Davis was denied various constitutional rights in connection with his sentencing in Common Pleas Court in Marietta on September 9, 2005. Mr. Davis does not describe the circumstances of his sentencing other than to claim that Mayor Mullen violated his equal protection rights by his "personal involvement in a wrong, disregarded his professional duty and oath of office, by not doing anything to stop or fix it, when there is a duty to do so...." Mr. Davis also suggests that the Mayor's actions created a "discriminatory practice so permanent and well settled as to constitute a custom or usage that allowed the wrong with the force of law and failing to oversee the people who caused the wrong...." Additionally, Mr. Davis asserts that because he was being deprived of liberty as recognized in Blakely v. Washington, 542 U.S. 296 (2004), a reasonable person would have known that the mayor was acting with deliberate indifference or recklessness in failing to intervene in the sentencing. Mr.

2

Davis notes that his sentence was reversed on direct appeal.

Based on these allegations, the Court construes Mr. Davis' complaint as attempting to state a claim against Mayor Mullens under 42 U.S.C. §1983 based on Mayor Mullens' failure to act to prevent the Common Pleas Court from imposing a sentence, which, according to the complaint, was later held invalid. The underlying premise for this claim appears to be Mr. Davis' belief that Mayor Mullens maintained supervisory authority over the Court of Common Pleas giving rise to a duty to prevent the imposition of such a sentence. The Court further construes the complaint as attempting to state a municipal liability claim against the City of Marietta based on Mayor Mullens' alleged failure to act. Finally, the Court notes that, although Mr. Davis asserts that his sentence was later declared invalid on appeal and cites to Blakely, the Court does not construe Mr. Davis' complaint as asserting a §1983 cause of action for an allegedly unconstitutional conviction or sentencing. While Mr. Davis may have believed such an assertion was necessary to avoid the concerns addressed in Heck v. Humphrey, 512 U.S. 477 (1994), the complaint contains absolutely no information regarding either Mr. Davis' conviction or sentencing from which the Court could conclude he was raising a constitutional challenge relating to either of them.

Turning first to the claim against Mayor Mullens, the Court finds that Mr. Davis is incorrect in his belief that Mayor Mullens had any power or obligation to intervene in the sentencing process. Under Ohio law, a court of common pleas is an arm of the state. Mumford v. Basinski, 105 F.3d 264 (6th Cir. 1997). Further, the Ohio Supreme Court has supervisory authority over a common pleas court. Id. see

3

also Ohio Const. art. IV, §4(A).  A mayor is a municipal actor not a state official, and a common pleas court is not subject to the supervision of municipal governments.  See Mixon v. State of Ohio, 193 F.3d 389 (6th Cir. 1999); Mancini v. City of Garfield Heights, 37 F.3d 1499 (6th Cir. 1994).  Consequently, under Ohio law, Mayor Mullens has no authority over the Common Pleas Court in Marietta.

Moreover, even accepting Mr. Davis' belief regarding Mayor Mullens' authority as correct, he has still failed to allege a claim cognizable under §1983.  Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under §1983.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim.  Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability

4

under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

Here, Mr. Davis has alleged nothing more than Mayor Mullens' failure to act. Additionally, Mr. Davis' has failed to state any municipal liability claim against the City of Marietta arising from this alleged failure to act. While Mr. Davis has attempted to frame Mayor Mullens' failure to act in terms of creating a discriminatory practice, custom or usage, as discussed above, Mayor Mullens has no authority over the common pleas court. While, under certain circumstances, a single act by a city official may give rise to municipal liability, Mayor Mullens' failure to intervene in Mr. Davis' sentencing is not an action which could be attributed to the City of Marietta. See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

III.

Based on the foregoing, it is recommended that the complaint be dismissed for failure to state a claim. It is further recommended that a copy of the complaint and the Court's dismissal order be mailed to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence

or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981)


                                           <u>/s/ Terence P. Kemp</u>
                                           United States Magistrate Judge