IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Geoffrey A. Davis,          :

    Plaintiff,         :

v.                          :    Case No. 2:09-cv-0123

Municipal Entity of Marietta, :  JUDGE MARBLEY
et al.,

    Defendants.        :

ORDER

On April 14, 2009, the Magistrate Judge issued a Report and Recommendation in this case. It was the Magistrate Judge's conclusion that the complaint filed by Mr. Davis, who is a state prisoner, should be dismissed for failure to state a claim upon which relief can be granted. The Magistrate Judge reached that conclusion because Mr. Davis appeared to be asserting that the City of Marietta and its mayor were somehow responsible for actions taken by the Washington County, Ohio Court of Common Pleas in 2005. The Report and Recommendation pointed out that the Common Pleas Court is part of the State of Ohio and that local officials such as Marietta's mayor have no control over it, or duty to supervise its actions.

Mr. Davis filed an objection to the Report and Recommendation. However, he does not argue that the Magistrate Judge reached the wrong conclusion. Rather, he is now asking for leave to amend his complaint or to withdraw it so that he can sue the proper defendants.

Because Mr. Davis is a prisoner, the Court must review

his complaint as originally filed (and not as he might attempt to amend it) to see if it should be dismissed. As the Court of Appeals for the Sixth Circuit has stated, "[u]nder the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." Because that is the case here, the Court will adopt the Report and Recommendation and dismiss the complaint. The Court notes that, in any event, an amendment to name the "proper defendants" might be futile either because Mr. Davis would be attacking a conviction, which can be done only by way of a writ of habeas corpus filed under 28 U.S.C. §2254 (and filed within one year of when the conviction became final, see 28 U.S.C. §2254(d)(1)), or because the two-year statute of limitations for §1983 claims may have expired.

For the above reasons, the Court OVERRULES the objection filed by Mr. Davis (#7) and ADOPTS the Report and Recommendation (#5). This action is DISMISSED pursuant to 28 U.S.C. §§1915(e)(2) and 1915A. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this order to the defendants.

/s/ Algenon L. Marbley
Algenon L. Marbley
United States District Judge